UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY DOWDY | CIVIL ACTION |
| VERSUS | NO. 19-154-RLB |
| DOLGENCORP, LLC, ET AL. | CONSENT |

### ORDER

Before the Court is Defendant DG Louisiana, LLC's ("Dollar General") Motion for Summary Judgment. (R. Doc. 20). The motion is Opposed. (R. Doc. 21). Dollar General has filed a Reply. (R. Doc. 24).

**I.  Background**

Plaintiff initiated this action with the filing of his Petition for Damages for Personal Injuries ("Petition") in state court on November 16, 2018. (R. Doc. 1-2). Therein, Plaintiff alleges that he suffered injury on January 15, 2018 after he tripped and fell at a Dollar General Store located in Baton Rouge, Louisiana. (R. Doc. 1-2 at 1). Plaintiff alleges that he tripped over a package left in the walkway by an unidentified employee. (R. Doc. 1-2 at 2). Plaintiff alleges that Dollar General is liable to him for his injuries under theories of negligence and *respondeat superior*. (R. Doc. 1-2 at 3).

Dollar General removed this action on March 14, 2019, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

**II.  Law and Analysis**

  **A.  Legal Standard**

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56.  When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing

party may not rest on the mere allegations of its pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, summary judgment must be entered against the plaintiff, on a properly supported defense motion, if the plaintiff fails to make an evidentiary showing in its opposition to the motion sufficient to establish the existence of an element essential to its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Without a showing sufficient to establish the existence of an element essential to the plaintiff's claim, there can be "no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial." *Celotex Corp.*, 477 U.S. at 323 (quotations omitted).

      **B.**    **Analysis**

Dollar General requests summary judgment in its favor on the grounds of its assertion that "Plaintiff did not testify, and cannot otherwise prove, that Dollar General had actual or constructive notice of a hazardous condition in the store that allegedly caused him to fall." (R. Doc. 20-1 at 1). In support of this contention, Dollar General suggests that Plaintiff has no "positive evidence" regarding the length of time the object may have been on the floor prior to the incident, and therefore, Plaintiff is unable to prove actual or constructive notice on the part of Dollar General, a required element of his claim. (R. Doc. 20-1 at 6). Dollar General relies on its Statement of Undisputed Facts, and Plaintiff's deposition testimony in support of its contentions. (R. Docs. 20-2 and 20-3).

In Opposition, Plaintiff argues that genuine issues of material fact exist regarding "whether Dollar General had actual or constructive knowledge, whether its employee exercised reasonable care to inspect its aisles before leading a customer to merchandise, and whether Dollar General's destruction of the video surveillance is a presumption favorable to Mr. Dowdy." (R. Doc. 21 at 2). In support of its position, Plaintiff relies on his deposition testimony and Statement of Material Facts, and attaches Defendant's responses to Plaintiff's interrogatories, store presentation policies, and February 22, 2018 communication from Plaintiff's counsel to Dollar General. (R. Doc. 21-1, 21-2, 21-3, 21-4, and 21-5).

The parties do not dispute that Louisiana Revised Statute 9:2800.6, the Merchant Liability Statute, governs the claims brought herein by Plaintiff. The Merchant Liability Statute provides in pertinent part as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(B)(1)-(3), (C).

3

The narrow question for purposes of summary judgment is whether a reasonable trier of fact could find that Dollar General had actual or constructive notice of the condition. Notice—actual or constructive—is an essential element of a claim pursuant to the Merchant Liability Statute. "Summary judgment is also appropriate where the nonmovant fails to establish an essential element of his case." *Heath v. Elaasar*, 763 Fed. App'x 351, 352 (5th Cir. 2019), *as revised* (Apr. 2, 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). *See also Ferrant v. Lowe's Home Centers, Inc.*, 2011 WL 4829852, at *4 (E.D. La. Oct. 11, 2011), *aff'd*, 494 Fed. App'x 458 (5th Cir. 2012) (granting summary judgment where there was "no evidence that supports the constructive notice element" of plaintiff's claim, "as required by La. R.S. :2800.6B(2).").

In support of summary judgment, Defendant argues that Plaintiff cannot prove the actual or constructive notice element of the Merchant Liability Statute, i.e., that he has no "positive evidence" that Defendant caused the object to be on the floor or that the object existed on the floor for "some period of time" before the accident. (R. Doc. 20-1 at 6). Dollar General cites Plaintiff's deposition testimony, wherein he stated that he did not know what he tripped over, how it got there, how long it was there, or whether Dollar General or its employee knew it was there. (R. Doc. 20-1 at 2-3). Dollar General also suggests that there is no other evidence in the record that would contradict Plaintiff's testimony, or otherwise establish the actual or constructive knowledge element required for recovery under the Merchant Liability Statute. (R. Doc. 20-1 at 6).

"Under Fed. R. Civ. P. 56(c), the moving party bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Luxemburg v. Texas A&M Univ. Sys.*, 863 F.Supp. 412, 417 (S.D. Tex. 1994), *aff'd*, 59 F.3d 1240 (5th Cir. 1995) (*citing*

4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Having set forth evidence suggesting Plaintiff's lack of ability to establish actual or constructive knowledge that the object existed on the floor for "some period of time" before Plaintiff fell, Dollar General has met its initial burden, and the burden shifts to Plaintiff to bring forth positive evidence to rebut Dollar General's arguments.

In support of his position that summary judgment should be denied, Plaintiff draws attention to his deposition testimony, Dollar General's procedures regarding maintaining its premises, and an absence of video surveillance. (R. Doc. 21 at 2-3). To successfully oppose a motion for summary judgment under the Merchant Liability Statute, a non-movant, such as Plaintiff, must (1) "come forward with positive evidence showing that the damage causing condition existed for some period of time," and (2) show "that such time was sufficient to place the merchant defendant on notice of its existence." *Bryant v. Wal-Mart Louisiana LLC*, 2017 WL 6603148, at *2 (W.D. La. Dec. 22, 2017), *aff'd sub nom. Bryant v. Wal-Mart Louisiana, L.L.C.*, 729 Fed. App'x 369 (5th Cir. 2018) (citing *White v. Wal-Mart Stores, Inc.*, 669 So.2d 1081, 1082 (La. 9/9/97)).

In *Bryant*, the Fifth Circuit affirmed the district court's granting of defendant's motion for summary judgment, noting that the plaintiff "failed to provide evidence that showed the 'condition existed for some time period' prior to the fall." *Bryant*, 729 Fed. App'x at 370. The *Bryant* plaintiff asserted that she checked out with her groceries and that no one else was near the area before she fell, and argued that, therefore, the puddle must have existed before she slipped in it, but the Fifth Circuit found this insufficient. *Id.* at 369-70. (citing *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997)).

Courts in this Circuit have drawn similar conclusions. In *Carter v. Dolgencorp, LLC*, 2018 WL 1189688, at *5 (M.D. La. Mar. 7, 2018), the district court "accept[ed] as true all of

5

Plaintiff's deposition testimony" when it granted summary judgment in favor of the defendant, including her testimony "that she did not see the substance on the floor, she does not know whether the Defendant's employees caused the condition on the floor, how long the condition existed before she slipped, or whether any employee of the Defendant know of the condition prior to her slip." Based on this, the district court concluded that "Plaintiff has failed to provide any evidence demonstrating that the Defendant had actual or constructive notice of the existence of the damage-causing condition prior to her slip." *Carter*, 2018 WL 1189688 at *5.

The case of *Bowles v. DG Louisiana, LLC*, 2019 WL 5076104 (W.D. La. Oct. 9, 2019), is also instructive. There, the district court granted judgment as a matter of law because, although there were genuine disputes "as to the spill's color/visibility and whether it was observed by any person" before the plaintiff fell, the plaintiffs had "filed to produce any evidence suggesting that the spill existed for enough time to show constructive notice on Dollar General's part." *Bowles*, 2019 WL 5076104 at *4. The district court noted that there was no indication of how the spill occurred, and plaintiff's testimony provided "no support on whether the puddle existed for enough time before Ms. Bowles encountered it," and concluded that plaintiffs could not "show that the employees would have noticed the spill in the exercise of reasonable care, either through their scheduled inspections or their presence in the vicinity of the aisle, if they cannot provide some indication of how long the spill existed." *Bowles*, 2019 WL 5076104 at *4.

The same result is warranted here as that found in *Carter* and *Bowles*. Plaintiff has not come forward with positive evidence to show that the condition existed for some period of time before the incident. At most, Plaintiff has established that he was in the store for "maybe two minutes, if that long," and that after he fell the employee picked something up and walked off with it. (R. Doc. 21-2 at 9, 18). Even if Plaintiff established that the object was on the floor for two minutes, as opposed to the possibility that it was knocked off a shelf or even placed there by

6

another customer around the time Plaintiff was in the store, this Court agrees with jurisprudence finding that the existence of a condition for ten minutes or fewer constitutions a "duration insufficient to impose constructive notice on a merchant." *Bowles v. DG Louisiana, LLC*, 2019 WL 5076104, at *3-4 (W.D. La. Oct. 9, 2019) citing *Robinson v. Wal-Mart Stores, Inc.*, 2016 WL 5210711, at *5-6 (W.D. La. Sep. 15, 2015) (collecting cases)).

Additionally, Plaintiff has not established, and testified that he does not know, (1) what the object was, (2) how long it was there, or (3) how it got there. Plaintiff has provided no summary judgment type evidence to show that an employee of the defendant created the unsafe condition or had any knowledge of it. Plaintiff merely speculates that, because the employee picked up the object after he fell, she must have known it was there, and suggests that, because he was in the store for two minutes, the object was on the floor for that period of time. Plaintiff does not, however, provide any evidence that the object was within the line of sight of any employee or that the employee was otherwise aware of the presence of the object or even what the object was. Rather than offer any other evidence or deposition testimony of the actual employee, the Court is only offered speculation. "But at the summary judgment stage, mere speculation is insufficient to rebut contrary evidence." *McDonald v. Brookshire Grocery Co.*, 2020 WL 1651312, at *2 (5th Cir. Apr. 2, 2020) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)). As the district court recognized in *Bryant*, the Plaintiff herein "is relying on circumstantial evidence to prove that [Defendant] had constructive notice that [the object] was on the floor for a long enough period of time to have *constructive knowledge*." 2017 WL 6603148 at *2.

Further, the absence of video surveillance raised by Plaintiff does not alter the analysis herein. "The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'" *Ramirez v. PNK Lake Charles LLC*, 2017 WL

7798670, at *6 (W.D. La. Oct. 17, 2017) (citing *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005)). At the same time, "[t]he mere fact of evidence destruction is insufficient to support an inference of bad faith when the destruction resulted from application of a 'routine policy.'" *Washington v. Wal-Mart Louisiana LLC*, 2018 WL 2292762, at *5 (W.D. La. May 17, 2018) (citing *Russell v. Univ. of Tex. of Permian Basin*, 234 Fed. App'x 195, 208 (5th Cir. 2007)). Plaintiff suggests that Dollar General's failure to produce video surveillance entitles him to an adverse presumption that, had the video surveillance been provided, it would have supported Plaintiff's case.

While the Court recognizes that there are scenarios in which a plaintiff would be entitled to an adverse presumption where a party fails to provide video surveillance, Plaintiff has not brought forth sufficient evidence to support such an adverse presumption. Plaintiff cites to correspondence dated February 22, 2018, purporting to be addressed to Dollar General's legal department and communicated via facsimile, wherein he requests production of video surveillance as well as preservation thereof. (R. Doc. 21-5 at 1-2).[1] Plaintiff provides no evidence that the correspondence was received (via facsimile confirmation, affidavit, or otherwise), or evidence reflecting that his correspondence was sent to the appropriate addressee. He provides no evidence of any correspondence following up with that request or responding to it. It does not appear that any discovery was conducted regarding the receipt of this letter and any actions that were taken by Dollar General.

Based on the evidence before the Court, the next time Plaintiff sought information regarding video surveillance appears to be interrogatories that Dollar General responded to on March 19, 2019. (R. Doc. 21-3). Therein, Plaintiff asked Defendant whether it had video

---

[1] Plaintiff actually provides two letters, dated the same date. It is not clear which of these letters was presumably sent, or whether both or neither.

surveillance of the premises, and Defendant responded that it "has a CCTV system which retains video footage until it is automatically recorded over with more footage from the store's cameras." (R. Doc. 21-3 at 5). Despite this response, there is no evidence that Plaintiff followed up with Defendant for more information, sought production of any surveillance video, has any information as to whether the surveillance would have captured the incident, whether Defendant deleted the footage in "bad faith" or retained it "until it [was] automatically recorded over with more footage from the store's cameras." Plaintiff provides no information that he attempted to discover how long video footage is retained before it is automatically recorded over, such that it is possible that period of time is shorter than the 5-week period between the January 15, 2018 incident and the February 22, 2018 correspondence. Plaintiff has provided no "positive evidence" that Defendant acted in bad faith regarding any video surveillance, that it failed to retain video surveillance in response to Plaintiff's correspondence or in contravention of its own policies, or that video surveillance would have even captured the incidence at issue. A single correspondence coupled with a single interrogatory, without evidence of any follow up effort to discover any video surveillance or circumstances surrounding a lack thereof, is insufficient to warrant a presumption in Plaintiff's favor.

This finding is consistent with relevant jurisprudence. In *Washington v. Wal-Mart Louisiana LLC*, 2018 WL 2292762, at *4-5 (W.D. La. May 17 2018), for example, the court declined the application of an adverse presumption based on lack of video surveillance, noting that bad faith on the part of the defendant was a required element of a spoliation claim that the plaintiff had failed to establish, in part because the "mere fact of evidence destruction is insufficient to support an inference of bad faith when the destruction resulted from application of a 'routine policy.'" Here, Plaintiff has not established what Dollar General's retention policy may have been, whether it acted in accord with any such policy, or whether any video

surveillance evidence was even destroyed. Similarly, in *Bryant v. Wal-Mart Louisiana LLC*, 729 Fed. App'x 369, 370 (5th Cir. 2018), the Fifth Circuit found not abuse of discretion where the "district court concluded that Wal-Mart did not act in bad faith in deleting videos because (1) none of the videos showed the relevant area where the fall occurred, and (2) Wal-Mart deleted the videos showing other parts of the store pursuant to a standardized retention policy."

Simply put, Plaintiff has not brought forth evidence regarding destruction of video surveillance on the part of Dollar General wherein a reasonable trier of fact could find that Dollar General acted in bad faith. As the establishment of Dollar General's bad faith is a required element of Plaintiff's request for an adverse presumption based on destruction of video evidence, Plaintiff has failed to meet his burden on summary judgment.

The Store Presentation policy also does little to aid Plaintiff's opposition to summary judgment. With the Store Presentation policy and Defendant's relevant discovery responses, the most Plaintiff has established is that a Store Presentation policy exists that purports to require Defendant to "[r]emove potential for slips, trips, and falls," but that Defendant was not required to keep a log of its compliance (or non-compliance therewith). (R. Doc. 21-4 at 1; R. Doc. 21-3 at 7). Plaintiff has brought forth no positive evidence that Dollar General and/or its employee(s) failed to comply with the policy, or how the existence of that policy would somehow suffice to show constructive knowledge and/or a lack of reasonable care by the defense.

In sum, the entirety of the evidence advanced by Plaintiff in opposition to summary judgment is circumstantial and speculative. Plaintiff has failed to raise any positive evidence that Defendant had actual or constructive notice of the object over which he tripped, which is a required element of his claim. The evidence submitted by Plaintiff is insufficient to meet Plaintiff's burden of bringing forth positive evidence that the damage causing condition existed for some period of time and that such time was sufficient to place Dollar General on notice of its

existence. Dollar General, on the other hand, has met its summary judgment burden, showing herein an absence of evidence on which a reasonable trier of fact could find in favor of Plaintiff. Accordingly, summary judgment is appropriate and Dollar General's Motion for Summary Judgment (R. Doc. 20) will be granted accordingly.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion for Summary Judgment (R. Doc. 20) filed by Defendant, DG Louisiana, LLC is **GRANTED**.

Signed in Baton Rouge, Louisiana, on June 2, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**